## Weaver *versus* Wible *et, al.*

1. In a scire facias sur judgment in ejectment, the defendant cannot show facts which would have been an answer to the original action.

2. Possession partly before and partly after the judgment cannot be shown in a scire facias to support the Statute of Limitations.

3. A plaintiff died after recovering a judgment in ejectment. His heirs could have execution on the judgment.

October 26th 1869. Before Thompson, C. J., Read, Agnew, Sharswood and Williams, JJ.

Error to the Court of Common Pleas of *Westmoreland county :* No. 143, to January Term 1868.

This was a scire facias quare executio non, sur judgment in ejectment ; it was issued November 11th 1865, by James Louther and Susan his wife, for her use, Francis C. Wible and James R. Wible, heirs at law of William Wible, deceased, against Susan Weaver.

The defendant pleaded that since the recovery of the judgment, the land had become vested in the defendant ;—the Statute of Limitations, and that the plaintiff in the ejectment had died since the judgment, and it being a real action the right of execution died with him.

The case was tried May 22d 1868, before Sterrett, P. J., of the 5th district.

The plaintiffs gave in evidence the record of an action of ejectment to August Term 1850, judgment for the plaintiff ; record removed to the Supreme Court, the judgment there affirmed January — 1856.

They then gave evidence of the death of William Wible about 1858 or 1860, and that the plaintiffs were his heirs at law.

The plaintiff here rested.

The defendant then offered to prove that soon after 1846, she made a parol contract with Abraham Horback for the land in dispute ; that she paid the purchase-money and received a deed in fee simple from Horback in 1848 in consummation of the contract ; and that from the time the contract was made she has been in possession, claiming the land as her own, and has made valuable improvements. The offer was rejected and a bill of exceptions sealed. The defendant offered no other evidence.

The court charged the jury amongst other things :—

* * * " There is nothing in the pleadings òr evidence to prevent a recovery, if you find the fact of heirship as claimed by the plaintiffs."

The verdict was for the plaintiffs, and judgment having been entered thereon the defendant took a writ of error.

[Weaver *v.* Wible.]

She assigned for error rejecting her offer of evidence and the instruction of the court.

*Laird, Foster* and *Stewart,* for plaintiffs in error.

There was no paper-book for the defendants in error.

The opinion of the court was delivered, January 3d 1870, by

THOMPSON, C. J.—This was a *sci. fa. sur* judgment in ejectment, *quare executionem non.* Of course the only question involved, was whether that judgment, standing unreversed and unexecuted, might still be executed by appropriate process. The attempt below was to answer the demand of the writ by facts, which would show that no such judgment ought to exist on original grounds. In other words, a retrial of the original controversy was proposed. But this cannot be. A release of the judgment, or a conveyance of title by the plaintiff to the defendant, which would operate necessarily as a release of the judgment, would undoubtedly be pleadable to a scire facias. They are defences occurring after judgment, and are good reasons why execution should not be awarded; but how the Statute of Limitations, arising partly before and partly after the judgment, could or ought to be regarded in the light of a release of the judgment, or conveyance of title, I do not see. The plan to try that is to turn out and sue upon it; the former recovery is no bar to that. If a trial of title on original grounds were allowable in the scire facias, it might follow that if the result in the scire facias should be the same as that in the original action, a single action in an ordinary ejectment would be conclusive, on account of two verdicts on the question of title the same way. We do not mean to go out of the case before us in any particular, or to say whether the recovery in ejectment, without a *habere facias possessionem,* or actual entry, tolled the statute or not. That we must leave until we are required to pass upon it; it would be improper to do so now, as from what we have said, it is apparent it is not in this case. The court below committed no error either in its charge or the rejection of the evidence complained of.

Judgment affirmed.